42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas B. TALMAGE, Defendant-Appellant.
 No. 92-30172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas B. Talmage appeals the 10-month sentence imposed following his plea of guilty to receiving stolen mail in violation of 18 U.S.C. Secs. 1708, 2. Talmage contends the district court clearly erred by placing the value of loss at $10,000 and sentencing him accordingly. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review for clear error a district court's factual finding of the value of loss. United States v. Pemberton, 904 F.2d 515, 516 (9th Cir.1990). The probable or intended, and not the actual, loss is relevant to sentencing. United States v. Mullins, 992 F.2d 1472, 1479 (9th Cir.), cert. denied, 113 S.Ct. 2997 (1993), and 114 S.Ct. 556 (1993). "Ordinarily, when property is taken or destroyed the loss is the fair market value of the particular property." U.S.S.G. Sec. 2B1.1, comment. (n. 3). "In ascertaining a product's fair market value, "[t]he loss ... may be inferred from any reasonably reliable information available." Id.
 
 
 4
 Talmage was implicated in the theft of 275 pounds of fossilized ivory from the United States mail. James Hunter, a professional ivory trader, who had mailed the ivory Talmage possessed from a native village in Alaska to his own business address in Oregon, testified that the ivory was worth an average of $100 a pound on the market. Hunter told the district court that he had purchased the lot for $18,000, explaining that he underinsured the shipment at $3,000, as was his custom, to avoid burdening postal personnel with registering the shipment. He calculated the price he paid for the 145 pounds of ivory that was never recovered at $10,000. These statements provided reasonably reliable proof of the ivory's value. See Pemberton, 904 F.2d at 517. The district court's loss calculation was not clearly erroneous. S ee id. at 516.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.R. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3